UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KADANT JOHNSON, INC. | CIVIL ACTION |
| VERSUS | NO. 10-2869 c/w 11-36 |
| JOSEPH V. D'AMICO ET AL. | SECTION "C" (2) |

## ORDER ON MOTIONS

APPEARANCES:  None (on the briefs)

MOTIONS:
(1) Defendants' Motion to Quash Non-Party Subpoena Issued to Fulton Systems, Inc., Record Doc. No. 324
(2) Defendants' Motion to Quash Non-Party Subpoena Issued to Mechanical Equipment Company, Record Doc. No. 325
(3) Defendants' Motion to Quash Non-Party Subpoena Issued to E.S. Constant, Record Doc. No. 326
(4) Defendants' Motion to Quash Non-Party Subpoena Issued to Maier America, Record Doc. No. 327

O R D E R E D:

 (1) (2) (3) (4) :  DISMISSED WITHOUT PREJUDICE.  Fed. R. Civ. P. 45(c) controls disposition of these motions.  In the absence of transfer to this court, see United States v. Star Scientific, Inc., 205 F. Supp. 2d 482, 484-88 (D. Md. 2002) (and cases cited therein), the Rule is "clear that motions to quash, modify, or condition the subpoena [issued to non-parties] are to be made in the district court of the district from which the subpoena issued."  9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure:  Civil 3d § 2463.1 at 485 (Thomson West 2008) (citing Brown v. Braddick, 595 F.2d 961, 964 (5th Cir. 1979)) (hereinafter "Wright and Miller") (additional citations omitted) (emphasis added); Fed. R. Civ. P. 45(c)(3)(A) and (B).  "It is the issuing court that has the necessary jurisdiction over the party issuing the subpoena and the person served with it to enforce the subpoena."  Wright and Miller, § 2463.1 at 485.  In this case, the United States District Courts for the Northern District of Georgia, District of Oregon and the Western District of North Carolina–not this court–have the authority to quash or modify the subpoenas.

In addition, the subpoena recipients themselves, not the defendants, are in the best position to assert and prove their undue burden or the need to protect their confidential

or commercially sensitive materials, if any, in response to the subpoenas. "A motion to quash, or for a protective order, should be made by the person from whom the documents, things, or electronically stored information are requested. Numerous cases have held that a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena." Wright and Miller, § 2463.1 at 487-88 (citing cases). If the subpoena recipients assert that the subpoenas are unduly burdensome, their burden should not be increased by requiring them to litigate here, rather than in their home courts that issued the subpoenas.

New Orleans, Louisiana, this ___29th___ day of February, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE