UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KADANT JOHNSON, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2869**<br>*Pertains only to 11-36* |
| **JOSEPH V. D'AMICO, LOUISIANA STEAM EQUIPMENT, LLC and UTILITIES OPTIMIZATION GROUP, LLC** | **SECTION "C" (2)** |

## ORDER

IT IS ORDERED that the Motion *In Limine* to Exclude Kadant's Claims for Infringement of Certain Trademarks and Vicarious Copyright Infringement is PARTIALLY GRANTED AND PARTIALLY DENIED. (Rec. Doc. 540).

First, Defendant seeks to exclude Plaintiff's claims for infringement not included in Plaintiff's First Amended Complaint. The parties agree that Plaintiff's trademark claims are confined to the following, which are in Plaintiff's First Amended Complaint: (1) trademark infringement of the registered trademark "TURBULATOR"; and (2) trademark infringement of the common law trademarks "TX," "SC," "SBP," "3700," "Super B," and "PTX." (Rec. Doc. 71 at ¶¶ 29-41; Rec. Doc. 536 at 2). Accordingly, to the extent Defendant's request seeks to exclude any other claims for trademark infringement is denied as moot, since Plaintiff agrees that the above are its sole trademark infringement claims.

Defendants also seek to exclude evidence of other registered trademarks that Plaintiff

allegedly owns, namely "JOCO," "JOHNSON," and "KADANT JOHNSON. Plaintiff counters that it plans to introduce evidence regarding those trademarks not to prove trademark infringement of those marks, but rather as evidence of "Defendants' purposeful and systematic use of Plaintiff's intellectual property including Plaintiff's patent, copyrighted technical drawings and trademarks to unfairly compete with Plaintiff," and "[a]t a bare minimum "to support Plaintiff's course and practice of protecting its trademarks." (Rec. Doc. 563 at 2-3). Plaintiff has not asserted a claim for unfair competition in Case No. 11-36. Consequently, the Motion is GRANTED as to "JOCO," "JOHNSON," and "KADANT JOHNSON."

Second, Defendants ask the Court to prevent Plaintiff from arguing a vicarious copyright infringement theory. Plaintiff in its response denies asserting a vicarious infringement theory, stating that the "instances of copyright infringement lie squarely with Defendants, and not the third party Jin Xuan." Consequently, on that issue the Defendants' Motion is MOOT.

New Orleans, Louisiana, this 6th day of June, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**