UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KADANT JOHNSON INC.,** | * | **CIVIL ACTION NO. 10-CV-02869** |
| | * | |
| **VERSUS** | * | **C/W 11-CV-0036 (refers to 11-0036)** |
| | * | |
| **JOSEPH V. D'AMICO, LOUISIANA** | * | **(REFERS TO CASE NO. 11-CV-0036)** |
| **STEAM EQUIPMENT, LLC and** | * | |
| **UTILITIES OPTIMIZATION GROUP,** | * | **JUDGE: HELEN G. BERRIGAN** |
| **LLC** | * | |
| | * | **MAG. JOSEPH C. WILKINSON, JR.** |

### ORDER AND REASONS[1]

Before the Court are two Motions: Motion *In Limine* to Exclude Expert Testimony of Dr. Itzhak Green on Infringement Under Doctrine of Equivalents; and Combined Motion *In Limine* and Memorandum in Support to Exclude Testimony of Dr. Itzhak Green on Infringement of "Housing" Claim Element." Rec. Docs. 330, 538.  Plaintiff, Kadant Johnson, opposes the Motion to Exclude because the written report complied with the Federal Rules of Civil Procedure 26(a). Rec. Docs. 407, 549.  Having reviewed the memoranda of counsel, the record, and the law, the Court DENIES the first Motion and orders that the second Motion is MOOT.

### BACKGROUND

---

[1] Adreanne Stephenson, a student at the University of Notre Dame Law School, assisted in preparing this order.

Defendants' accused product, the PTS rotary joint ("PTS"), allegedly infringed Plaintiff's federally registered U.S. Patent No. 5,098,135 ("the '135 Patent'"). Rec. Doc. 512 at 3-4. To prove patent infringement, the accused and the allegedly infringed product must satisfy one of two tests: literal or "doctrine of equivalents" infringement. Rec. Doc. 330-1 at 1-2. For literal infringement, the patent holder must show that "every limitation of the patent claim is present as an element of the accused device." *Id.* at 2; *Romag Fasteners, Inc. v. Mitzi Int'l Handbag and Accessories, Ltd.*, 323 F. Supp. 2d 512, 518 (S.D.N.Y. 2004) (citations omitted). Under the "doctrine of equivalents" test, patent infringement may be found if the differences between the claimed invention and the accused device are "insubstantial." Rec. Doc. 330-1 at 2. With respect to each individual element in dispute, the patent holder must show that the accused product performs substantially the same function, in the substantially the same way, to give substantially the same result. *Id.*

Defendants claim that the Plaintiff's expert, Dr. Green, only addressed literal infringement and not infringement by the doctrine of equivalents. *Id.* at 2-3. Therefore, Dr. Green should be precluded from offering any testimony on the doctrine of equivalents analysis at trial. *Id.* at 3. Defendants state that the doctor "need[ed] to opine that there [were] 'insubstantial' differences between the two structures" to show the products were substantially the same. *Id.* Plaintiff argues that the doctor does provide analysis for the doctrine of equivalents and any preclusion issues should be handled at trial. Rec. Doc. 407 at 3-5.

## LAW AND ANALYSIS

Under 26(a)(2)(B) of the Federal Rules of Civil Procedure, a written report must be prepared when a party subpoenas a witness for expert testimony. Under 26(a)(2)(B)(I), the report must contain "a complete statement of all opinions the witness will express." The fact

that subjects were not fully addressed may reflect on the weight of the testimony, but not on the admissibility or preclusion of the evidence. *Wagoner v. Exxon Mobil Corporation*, 813 F. Supp. 2d 771, 810 (E.D. La. 2011). The testimony of an expert witness is also not "strictly limited to the content of his report." *Stacey v. Bangor Punta Corp.*, 107 F.R.D. 786, 789 (D. Me. 1985). Six factors that are used to analyze whether an expert's testimony should be limited are: 1) if the expert testified to opinions or data on content not disclosed in his pretrial discovery testimony; 2) the content should have been disclosed; 3) the testimony surprises the opposing party; 4) it causes unfair prejudice; 5) it could not have been reasonably anticipated; or 6) the issue is only ameliorated if excluded. *Id.* None of these factors apply here.

Defendants are correct that most of Dr. Green's report dealt with his belief that the PTS literally infringed the '135 Patent, a conclusion made irrelevant by the Court's subsequent Markman ruling. Nonetheless, Dr. Green's report complies with Rule 26(a)(2)(B)(I) by providing a complete statement of all opinions including data on literal and doctrine of equivalents infringement. Defendant claims that Dr. Green does not compare the components and structure of the '135 Patent and Defendants' PTS rotary joints; this is not true. Dr. Green states that Plaintiff and Defendant may have different support components but "in [his] opinion, the PTS ring bracket performs substantially the same function, in substantially the same way, to achieve substantially the same result–which is to support the PTS housing in coaxial alignment...." Rec. Doc. 330-5 at 15. This is an exact reference to the "doctrine of equivalents." *Id.* Furthermore, in Table 2, Dr. Green "in [his] opinion, [stated] that PTS rotary joint includes all the components" of the '135 Patent and he points out each features' similarities. *Id.* at 16. For example, both joints have a "self-aligning seal" and springs between the housing toward the wear plate. *Id.* Finally, the doctor states that Defendants joints are "similar in general structure

to the [Plaintiff's] rotary joint." *Id.* at 20.  The content of Dr. Green's report was disclosed properly, was not surprising or prejudicial, and was reasonably anticipated as to not be excluded. Therefore, the expert should be allowed to testify on the doctrine of equivalents.[2]

Similarly, Dr. Green recognized that the Court had not made a final decision before his report on the meaning of several terms. Rec. Doc. 549-2 at 4.  He further suggests that PTS' housing support with end caps or without end caps is incidental and functions in substantially the same way as the '135 Patent, again another opinion relating to the doctrine of equivalents.

Accordingly,

IT IS ORDERED that the Defendants' Motion to Limine to Exclude Dr. Green's Expert Testimony on Doctrine of Equivalents is DENIED.  Rec. Doc. 330.

IT IS FURTHER ORDERED that the Motion to Exclude Testimony on the "Housing" Element is MOOT as it involves a subcategory of the issue disposed of in the immediately preceding Order. Rec. Doc. 538.

New Orleans, Louisiana, this 7th day of June, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

---

[2]The Court does note that any testimony as to literal infringement is excluded.