UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KADANT JOHNSON INC.,** | **CIVIL ACTION** |
| | 10-2869 c/w |
| **VERSUS** | **NO. 11-0036** |
| | REF: 11-0036 |
| **JOSEPH V. D'AMICO, LOUISIANA** | **SECTION "C" (1)** |
| **STEAM EQUIPMENT, LLC and** | |
| **UTILITIES OPTIMIZATION GROUP,** | |
| **LLC** | |

ORDER AND REASONS[1]

Before this Court is a Motion for Summary Judgment on Patent Damages filed by the Defendants, Joseph V. D'Amico, Louisiana Steam Equipment, LLC and Utilities Optimization Group, LLC. (Rec. Doc. 350). Plaintiff opposes this motion. (Rec. Doc. 438). Having considered memoranda of counsel, the record, and the law, the motion is DENIED, as there are remaining issues of fact, for instance, as to whether an acceptable non-infringing substitute for Plaintiff's product is available.

Furthermore, the Court is unpersuaded by Defendants' argument that Plaintiff was statutorily barred from undertaking the Georgia-Pacific contract in Brewton, Alabama. The Alabama contractor licensing law states:

> A "general contractor" is defined as one who, for a fixed price, commission, fee, or wage undertakes to construct or superintend or engage in the construction, alteration, maintenance, repair, rehabilitation, remediation, reclamation, or demolition of any

---

[1]Rachael McMillan, a first year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

>building, highway, sewer, structure, site work, grading, paving, or project or any improvement in the State of Alabama where the cost of the undertaking is fifty thousand dollars ($50,000) or more, shall be deemed to have engaged in the business of general contracting in the State of Alabama.

ALA.CODE § 34-8-1.

The canon of statutory construction of *ejusdem generis*, which dictates that "general words, following the enumeration of particular classes or things, are construed to apply only to the persons or things of the same general nature or class as those specifically enumerated," *Ex. parte Emerald Mountain Expressway Bridge, LLC* 856 So.2d 834, 842 (Ala. 2003), persuades the Court that Defendants' argument based on this statute is unfounded. Here, Plaintiff, if successful in its bid for the Georgia-Pacific project, would design and install dryer drainage system equipment, stationary syphons, and steam joints. (Rec. Doc. 401 at 15). None of these activities are covered by the general contractor licensing statute. In *McCord Contract Floors, Inc. v. City of Dothan, et al.*, the Alabama Supreme Court held that installing carpet is not an act that falls under the general contracting statute. *McCord Contract Floors, Inc. v. City of Dothan*, 492 So.2d 996, 998. (Ala. 1986). The court explained that the statute pertains to building construction and therefore "the replacement of worn carpeting cannot be characterized as the construction of an 'improvement'" narrowly prescribed in the statute. *Id*. Just as in *McCord*, where the contractor licensing statute was not constructed to include installing a carpet, Plaintiff's design and installation for the Georgia-Pacific contract are not activities within the meaning of the statute because it pertains specifically to building activities.

Accordingly,

IT IS ORDERED that the Defendants' Motion for summary judgment is DENIED. (Rec. Doc. 350).

New Orleans, Louisiana, this 8th day of June, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**