UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KADANT JOHNSON INC.** | * | **CIVIL ACTION NO. 10-2869** |
| | * | **c/w 11-0036** |
| | * | |
| | * | **Refers to 11-0036** |
| **versus** | * | |
| | * | **Judge Helen G. Berrigan** |
| **JOSEPH V. D'AMICO, LOUISIANA** | * | |
| **STEAM EQUIPMENT, LLC and** | * | **Mag. Joseph C. Wilkinson, Jr.** |
| **UTILITIES OPTIMIZATION** | * | |
| **GROUP, LLC** | * | |

### ORDER & REASONS[1]

Before this Court is a Motion for Partial Summary Judgment filed by Defendants, Louisiana Steam Equipment, LLC, LSE Systems, Inc., Utilities Optimization Group, LLC, and Utilities Construction Group, Inc ("LSE"). (Rec.Doc.337). Having considered the memoranda of counsel, the record, and the applicable law, the Court DENIES the motion for Summary Judgment for the following reasons.

### I. LAW AND ANALYSIS

Summary judgment is proper when "the record indicates that there is no genuine issue as to any material fact" and when the party moving for summary judgment is "entitled to judgment as a matter of law." FED.R.CIV.P. 56. A genuine issue of material fact exists when, based on the evidence, a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-248 (1986). When considering a motion for summary judgment, this Court "will review the facts

---

[1] Rebekka Veith, a first-year student at Tulane University Law School, contributed to the research and preparation of this Order & Reasons.

drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th.Cir.1986).

LSE argues that it is entitled to summary judgment for no willful infringement of U.S. Patent No. 5,098,135 ('135 Patent) because LSE has an objectively reasonable defense to infringement based on non-infringing claim interpretations of the '135 patent, and because plaintiff, Kadant Johnson, Inc. ("Kadant") failed to bring preliminary injunction proceedings against LSE. (Rec.Doc.337-1 at 1). Kadant counters that this Court does not have a sufficient case record to determine whether LSE's claim interpretations were reasonable and that Kadant did not file an injunction for "obvious and understandable reasons." (Rec.Doc.395 at 5).

There is a two-prong test for willful infringement of patents. First, a plaintiff or patentee "must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Technology, LLC,* 497 F.3d 1360, 1371 (Fed.Cir.2007) (en banc). This is a threshold requirement, and only if it is met can the next prong of the test be considered. *Id.* To meet the second requirement, "a patentee must also determine that this objectively-defined risk *(determined by the record developed in the infringement proceeding)* was either known or so obvious that it should have been known to the accused infringer." *Id.* (emphasis added).

This Court finds that LSE has not carried its burden to prove the absence of a material fact as to whether they acted "despite an objectively high likelihood" that LSE would infringe on Kadant's patent. Although this Court did adopt some of LSE's claim interpretations, it did not adopt all of them (see Rec.Doc.357), and a question about the

reasonable interpretation of even just one claim should preclude a finding of summary judgment for no willful infringement. *See Riddell Inc. v. Schutt Sports, Inc.*, 724 F.Supp.2d at 1000. Moreover, the *Seagate* test specifies that it is the "record in the infringement proceeding" that will determine what an objective risk of infringing is in a patent case. 497 F.3d at 1371. The infringement proceedings have not yet occurred in this case, and so an "objectively high likelihood" of infringement in this case is still to be defined.

Additionally, there is no *per se* bar to damages for willful infringement based on post-filing conduct if no injunction is filed. *DataQuill Ltd. v. High Tech Computer Corp.*, 2011 WL 6013022 at *14 (S.D.Cal. Dec. 1, 2011) (citing *Seagate*, 497 F.3d at 1374). Thus, a genuine issue of material fact about willful infringement of the '135 patent may still exist despite Kadant's failure to file a preliminary injunction.

## II. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Mtion for Partial Summary Judgment is DENIED. (Rec.Doc.337).

New Orleans, Louisiana, this 8th day of June, 2012.

DISTRICT JUDGE
HELEN G. BERRIGAN