UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KADANT JOHNSON, INC | CIVIL ACTION |
| VERSUS | NO. 10-2869 C/W 11-0036<br>REF. 10-2869 |
| JOSEPH V. D'AMICO, LOUISIANA<br>STEAM EQUIPMENT, LCC, AND | JUDGE HELEN G. BERRIGAN |
| UTILITIES OPTIMIZATION GROUP, LLC | MAGISTRATE JUDGE JOSEPH<br>C. WILKINSON, JR. |

## ORDER AND REASONS[1]

Before the Court is a motion *in Limine* by Plaintiff to Exclude Deposition Testimony of Rudi Leerentveld and to Exclude Evidence and Testimony Related to Purported Violations of Certain States' Laws. (Rec. Doc. 479). Having considered the record, memoranda of council, and the law, the motion is DENIED for the following reasons.

**1) Exclusion of Deposition Testimony of Rudi Leerentveld, and Exclusion of Evidence, Argument, and Third-Party Testimony Related to the Deposition Testimony of Rudi Leerentveld. (Rec. Doc. 479-1 at 1).**

Plaintiff seeks the exclusion of Rudi Leerentveld's ("Leerentveld") deposition under Federal Rule of Evidence 403, which allows the court to "exclude relevant evidence if its

---

[1] Rachael McMillan, a first year law student at Tulane University Law School, assisted in preparing this Order.

probative value is substantially outweighed by a danger of…unfair prejudice." (Rec. Doc. 479-1 at 3; FED. R. EVID. 403). Plaintiff argues that Defendants' refusal to disclose any unsigned Declaration and drafts thereof until two weeks after his February 28, 2011 deposition prejudiced Plaintiff because Plaintiff did not have an opportunity to depose Leerentveld or any other party about the Declaration and its drafts. (Rec. Doc. 479-1 at 6-7). Plaintiff contends that it is further prejudiced because Leerentveld lives in Spain and therefore cannot be subpoenaed to testify at trial. (Rec. Doc. 479-1 at 7). Defendant opposes this motion, explaining that Leerentveld's deposition testimony did not rely on the Declaration; rather, Leerentveld relied on his own recollection of what transpired when the operating Agreement and Non-Disclosure Agreement were executed in 1999. (Rec. Doc. 503 at 2-3; Rec. Doc. 503-1 at 8). Furthermore, Defendants argue that Plaintiff is not prejudiced because Leerentveld refused to sign the Declaration at issue. (Rec. Doc. 503 at 4-5). Leerentveld specifically testified in his deposition that he refused to do so to permit both parties, including Plaintiff, to depose him about his interpretation of the contracts. (Rec. Doc. 503-1 at 2-3). Finally, Leerentveld testified that he was willing to participate in another deposition or testify at trial. (Rec. Doc. 503-1 at 4, 5). Defendants point out that there is no evidence that Plaintiff made use of these opportunities. (Rec. Doc. 503 at 4). The Court is not persuaded that Plaintiff was unfairly prejudiced and DENIES this first portion of Plaintiff's Motion.

**2) Exclusion of Evidence, Argument, and Testimony Related to Purported Violations of Alabama, Tennessee, Washington, Oregon, and "Multiple States." (Rec. Doc. 479-1 at 8).**

Plaintiff contends that all of Defendants' counterclaims alleging unfair trade practices, tortuous interference with a contract and/or business relations, and defamation should be

excluded because Defendants did not comply with Plaintiff's motion to compel a fuller response before the February 27, 2012 discovery deadline. (Rec. Doc. 479-1 at 8). Defendants oppose the motion, explaining that Plaintiff's competent counsel had an opportunity to review the relevant discovery documents and Defendant's First Supplemental and Amended Counterclaims which support and explain the counterclaims. (Rec. Doc. 510-2 at 4-5). Furthermore, Defendants point out a dearth of precedent holding that *all* counterclaims can be excluded for failure to file a single supplemental response that essentially asked for further detail about the factual allegations and the legal basis for the counterclaims at issue. (Rec. Doc. 503 at 6). Plaintiff has not indicated a piece of evidence of which it was unaware. In addition, the counterclaims in Record Documents 3 and 75 are clear enough that the Court is unpersuaded that Plaintiff was prejudiced by Defendants' failure provide the extra guidance Plaintiff requested. The Court therefore DENIES this second portion of Plaintiff's Motion.

Accordingly,

IT IS ORDERED that Plaintiff's motion *in Limine* by Plaintiff to Exclude Deposition Testimony of Rudi Leerentveld and to Exclude Evidence and Testimony Related to Purported Violations of Certain States' Laws is DENIED.

New Orleans, this 14th day of June, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**