UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KADANT JOHNSON INC.** | * | **CIVIL ACTION NO.: 10-2869** |
| | * | |
| vs. | * | **JUDGE: HELEN G. BERRIGAN** |
| | * | |
| **JOSEPH V. D'AMICO, LOUISIANA** | * | **SECTION 'C'** |
| **STEAM EQUIPMENT, LLC and** | * | |
| **UTILITIES OPTIMIZATION** | * | **MAG. JOSEPH C. WILKINSON, JR.** |
| **GROUP, LLC** | * | |

## ORDER AND REASONS[1]

Before this Court is a Motion *in Limine* To Exclude All Evidence Related to Defendants' Business Relationship with Armstrong. (Rec.Doc.534). Having considered the memoranda of counsel, the record, and applicable law, the Court DENIES the motion for the following reasons.

## I. Background

Plaintiff Kadant Johnson Inc ("Kadant" or "Plaintiff") seeks to introduce evidence that Defendants, Joseph v. D'Amico ("D'Amico"), Louisiana Steam Equipment, LLC ("LSE"), LSE Systems, Inc. ("LSE Systems"), Utility Construction Group, Inc. And Utilities Optimization Group, LLC ("UO Group") (collectively, "Defendants"), "violated their Armstrong representative agreement by putting parts on Armstrong assemblies that were not Armstrong parts." (Rec.Doc. 511, p. 34, para. 169). Kadant posits that this information will show "evidence of prior bad acts." *Id.* Defendants argue that this is not admissible evidence under Federal Rules of Evidence 403 and 404. (Rec.Doc.534-1 at 2).

---

[1] Rebekka Veith, a second-year student at Tulane University Law School, contributed to the research and preparation of this order.

## II. Law and Analysis

Federal Rule of Evidence 403 states that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Ev. 403. Defendants maintain that if Kadant is permitted to introduce evidence of defendants' relationship with Armstrong, a "wasteful" mini-trial will occur because Defendants will have to put on countervailing evidence. (Rec.Doc 534-1 at 3). However, many of the claims which defendant cites as burdens on the Court have now been settled (Rec.Doc.596), and evidence of Defendants' business relationship with Armstrong would not cause such "undue delay" or "waste of time" as to merit a motion to exclude it under Rule 403.

Next , Defendants argue that evidence of their relationship with Armstrong should be excluded under Federal Rule of Evidence 404, which states, in relevant part, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity" with the person's character. Fed.R.Ev. 404(b). It is true that Kadant intends to introduce evidence of Defendants' relationship with Armstrong in order to show Defendants' character through proof of "prior bad acts." (Rec..Doc. 511, p. 34, para. 169). But Defendants have claimed defamation (Rec.Doc.75 at 3), and thus they have placed their character "in issue." *See, e.g., U.S. v. McGee,* 1994 WL 395111, *6, note 9 (5th Cir. 1994) (not reported) (using a defamation action as an example of an action in which "character is actually in issue"). Because they are claiming defamation, defendants' character is "an essential element" of one of their claims, and thus under Federal Rule of Evidence 405(b), proof of "specific instances" of Defendants' conduct may be introduced. Fed.R.Evid. 405(b) ("When a person's

character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct.").

### III. Conclusion

Accordingly,

IT IS ORDERED that Defendants' Motion *in Limine* to Exclude All Evidence Related to Defendants' Business Relationship With Armstrong is DENIED.  (Rec.Doc.534).

New Orleans, Louisiana, this 14th day of June, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE