UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KADANT JOHNSON INC.,** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2869 c/w 11-36**<br>**Ref. 10-2869** |
| **JOSEPH V. D'AMICO, LOUISIANA**<br>**STEAM EQUIPMENT, LLC and**<br>**UTILITIES OPTIMIZATION GROUP,**<br>**LLC** | **SECTION "C" (1)** |

## ORDER AND REASONS[1]

Before the Court is a Motion *in Limine* to Exclude Certain Documents, Evidence, Argument, and Testimony filed by Plaintiff. (Rec. Doc. 545-1). Defendants oppose the motion (Rec. Doc.558). Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion *in Limine* is DENIED for the following reasons.

**Plaintiff is not prejudiced by Defendants' evidence and theories**.

Plaintiff first argues that certain documents should be excluded because Defendants violated Fed. R. Civ. P. 26 by failing to produce the documents before the February 27, 2012 deadline. (Rec. Doc. 545-1, 1). A trial court can take several factors into account when determining whether a Rule 26 violation is harmless, including the prejudice to the opposing

---

[1] Jason A. Danowsky, a first year student at the University of Texas School of Law, assisted in the preparation of this Order & Reasons.

1

party. *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Plaintiff has not explained how Defendants' tardy production prejudices Plaintiff; therefore, this Court will not exclude those documents.

Plaintiff likewise seeks to exclude documents, evidence, argument, and testimony related to sales prior to 2009. (Rec. Doc. 545-1, 6). Defendants state that they seek to offer only two such sources of evidence: the testimony of Dr. Rice and the 2004-2009 sales records upon which his testimony was based. (Rec. Doc. 558, 7). Dr. Rice's testimony and the corresponding sales records will not prejudice the Plaintiff's case, as Plaintiff has had knowledge of Dr. Rice's testimony and of the 2004-2009 sales records for months. (Rec. Doc. 322, 1). Additionally, it is unclear to this Court how Dr. Rice's testimony would violate Fed. R. Ev. 1006, which states:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Plaintiff does not even allege that the relevant writings are voluminous; therefore this Court does not find that Dr. Rice's testimony violates Rule 1006.

Plaintiff also asserts that Defendants should be precluded from introducing its theory that the NDA covers technology but not hardware products and various services. (Rec. Doc. 545-1, 5). Plaintiff claims that "it is unclear to Plaintiff what documents" relate to this theory, despite the fact that the theory is based upon the language of the NDA itself, a key document at issue in this litigation. This Court is thus not convinced that Plaintiff would be unduly prejudiced by allowing Defendants to pursue this theory.

**Defendants did not admit to breaching the contract**.

The Court does not find that Defendants admit that they violated the NDA by stating that they "do not dispute that they competed with Plaintiff." (Rec. Doc. 545-1, 7). Defendants did not admit that any of their competitive actions violated the NDA—in other words, Defendants did not admit liability for Plaintiff's breach of contract claim; they appear merely to have admitted that they competed with Plaintiff in some respect. Indeed, this admission is wholly consistent with Defendants' theory that the NDA permitted Defendants to compete in the sales of hardware products and various services, a theory which the Court has declined to exclude and which it will certainly not ignore.

**Defendants contested the No-Contest Provision under applicable Michigan Law.**

Finally, Plaintiff contends that Defendants violated the No-Contest Provision of the NDA. Defendants admit to having contested this provision. (Rec. Doc. 558, 8). However, Defendants did so under the legal theory that Michigan public policy would prevent enforcement of unreasonable non-competition provisions. (Rec. Doc. 558, 8), *See Leach v. Ford Motor Co.*, 299 F.Supp.2d 763, 776 (E.D. Mich. 2004). This Court was not convinced by Defendants' argument and held that Defendant D'Amico was not an employee under the NDA. (Rec. Doc. 487). Since this holding, Defendants has not pursued any legal theory contesting the contract's reasonableness.

Accordingly,

IT IS ORDERED that Plaintiff's Motion *in Limine* is DENIED. (Rec. Doc. 545-1).

IT IS FURTHER ORDERED that the Clerk of Court forward a copy of this Order to the Magistrate Judge.

New Orleans, Louisiana, this 14th day of June, 2012.

	 		 		 		 	_____
	 		 		 		 	**HELEN G. BERRIGAN**
	 		 		 		 	**UNITED STATES DISTRICT JUDGE**