# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KADANT JOHNSON INC.,** | * | **CIVIL ACTION NO. 10-CV-02869** |
| | * | |
| **VERSUS** | * | **C/W 11-CV-0036** |
| | * | |
| **JOSEPH V. D'AMICO, LOUISIANA** | * | **(REFERS TO CASE NO. 10-CV-02869)** |
| **STEAM EQUIPMENT, LLC and** | * | |
| **UTILITIES OPTIMIZATION GROUP,** | * | **JUDGE: HELEN G. BERRIGAN** |
| **LLC** | * | |
| | * | **MAG. JOSEPH C. WILKINSON, JR.** |
| | * | |

## ORDER AND REASONS[1]

Before the Court is a Motion *In Limine* to Exclude Product Evaluation and Field Service Reports ("Motion to Exclude") by Defendants Joseph V. D'Amico, Louisiana Steam Equipment, LLC ("LSE"), LSE Systems, Inc., and Utility Construction Group, Inc. ("Defendants"). (Rec. Doc. 526). Under the Federal Rules of Evidence, Defendant claims that Kadant Johnson's ("Plaintiff") evidence is irrelevant under Rule 401, double hearsay under Rule 801, creates unfair prejudice under Rule 403, and lacks proper authentication under Rule 901. After viewing memoranda of counsel, the record, and the law, the Court DENIES the Motion to Exclude.

---

[1] Jack Schinasi, a first year student at Tulane University Law School, and Adreanne Stephenson, a first year student at the University of Notre Dame Law School assisted in the preparation of this Order and Reasons.

1

**BACKGROUND**

The three exhibits Defendants seek to exclude are two product evaluation reports and one field service report (collectively, "the reports"). (Ex. 578, 584, 679). The reports were generated following complaints by customers who were dissatisfied about the performance of these parts, which they claimed were purchased from LSE and manufactured by Plaintiff. The goal of the reports was to determine who had manufactured them – the Plaintiff or some other manufacturer – and to improve performance. The reports also include first hand documentation and analysis of the products by field service employee John Hotovy ("Mr. Hotovy") and Director of Product Technology Alan Ives ("Mr. Ives"), authors of the reports and employees of Plaintiff. *Id.* This documentation includes pictures of the parts both on-site and at Plaintiff's Research Center, as well as written accounts and discussions with customers and other employees of Plaintiff. *Id.*

**LAW AND ANALYSIS**

**I. RELEVANCE**

First, Defendant argues that the reports should be excluded because they are not relevant. (Rec. Doc. 526-2 at 1). Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." This rule is to be liberally construed by the court. *Pick v. American Medical Systems, Inc.*, 958 F.Supp 1151, 1162 (E.D. La. 1997). The reports at issue are relevant in showing whether Defendants marketed and sold Plaintiff's products as their own, and therefore

2

goes to the Plaintiff's breach of contract claim.² (Ex. 578, 584, 679). Accordingly the reports are not excluded on 401 grounds.

## II. HEARSAY

Second, Defendants argue that the reports should be excluded because they contain inadmissible hearsay. (Rec. Doc. 526-2 at 3). Rule 801 of the Federal Rules of Evidence defines hearsay as an out-of-court statement of someone other than the declarant that is offered to prove the truth of the matter asserted. Rule 802 of the Federal Rules of Evidence provides that hearsay is not admissible unless it meets an exception provided by the Federal Rules of Evidence, or a rule prescribed by the Supreme Court.

Exceptions to the rule against hearsay include "records of regularly kept activity," as prescribed by Rule 803(6). This exception has five elements: (1) the record must have been made at or near the time of the event in question by someone with knowledge, (2) the record must have been kept in the course of a regularly conducted activity of a business, (3) making the record must have been a regular practice of that activity, (4) the conditions must be shown by the testimony of the custodian or another qualified witness, and (5) neither the source of information nor the method or circumstances of its preparation may indicate a lack of trustworthiness. Fed. R. Evid. 803(6).

Here, Defendants argue that the reports are hearsay on two levels. (Rec. Doc. 526-2 at 3). On the first level, Defendants argues that the reports themselves are hearsay under Rule 801 not falling under a hearsay exception. (Rec. Doc. 526-2 at 3). On the second level, Defendants

---

²Plaintiff asserts that the reports are also relevant for proving their Lanham Act and unfair competition claims, but these claims were dismissed as a result of the June 8, 2012 settlement between the parties.

3

assert that the reports reference customers' complaints, which they argue constitute out-of-court statements introduced for the truth of the matter they assert, that is, that the products at issue are defective. (Rec. Doc. 526-2 at 4-5). Indeed, the reports do reference such customer communications. (See, e.g., Ex. 679 at KJ-AE004553).

With regard to the first level, the Court is persuaded that the reports fall under the Rule 803(6) exception to the hearsay rule, as long as the reports are properly authenticated in accordance with that rule at trial. First, the reports were made at or the near the time of the equipment failure by those with personal knowledge – Mr. Ives and Mr. Hotovy, who were employed by Plaintiff to analyze such failures. (Rec. Doc. 568 at 4). Second and third, Defendants do not allege that analyzing customer complaints in general and producing reports about those complaints was not a regular activity of Plaintiff's business. The fourth factor will be met if the proper "custodian or another qualified witness" authenticates the reports at trial. Fed. R. Evid. 803(6)(d). Fifth, there is no indication of a lack of trustworthiness in the collection or analysis of the information presented.

The Court is unpersuaded that the second level of hearsay is in fact hearsay. The customer complaints were not used for the truth of the matter they asserted – that is, that the products they were complaining of were defective. Rather, they merely triggered the production of the reports.

### III. UNFAIR PREJUDICE

Defendants claim that if the reports are admitted into evidence for use at trial, Defendants "would be severely prejudiced as the Plaintiff's characteristics [sic] and conclusions regarding Defendant's purported products (which Defendants acknowledge may not even be their

4

products) may potentially stand in place of the Court's decision with regards to the issues presented by this dispute." (Rec. Doc. 526-2 at 7.) Rule 403 of the Federal Rules of Evidence allows the Court to exclude evidence if the probative value is substantially outweighed by a danger of unfair prejudice, confusing issues that may mislead the jury, undue delay or needlessly presenting cumulative evidence. At this time, none of Defendants' arguments persuade the Court that admitting the reports would unfairly prejudice Defendants. Accordingly, Defendants' Rule 403 argument is deferred to trial.

## IV. AUTHENTICATION

Defendants argue that the reports lack proper authentication because Plaintiff has not proven that the allegedly defective products were Defendants', and Plaintiff has not properly established the condition of the products. (Rec. Doc. 526-2 at 1, 7-8). This argument is also deferred to trial.

Accordingly,

IT IS ORDERED that the Defendant's Motion *in Limine* to Exclude Product Evaluation and Field Service Reports is DENIED.

New Orleans, Louisiana, this 15th day of June, 2012.

                                          **HELEN G. BERRIGAN**
                                          **UNITED STATES DISTRICT JUDGE**